UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBY NELL FREEMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>ABC LEGAL SERVICES, INC., *et al.*,<br><br>    Defendants.<br>_____/ | No. C-11-3007 EMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND; GRANTING PLAINTIFF'S MOTION FOR DISCOVERY; AND DENYING DEFENDANTS' MOTION TO STRIKE**<br><br>**(Docket Nos. 19-22)** |

Plaintiff Ruby Freeman filed suit against Defendants ABC Legal Services Inc., and Granville Smith III. Currently pending before the Court is Defendants' motion to dismiss, Plaintiff's motion for discovery pursuant to Rule 56(d), and Defendants' motion to strike Plaintiff's state law claims pursuant to Cal. Civ. P. Code § 425.16. In consideration of the parties' briefs and accompanying submissions, as well as oral arguments, the Court hereby **GRANTS** Defendants' motion to dismiss with leave to amend, **GRANTS** Plaintiff's motion for discovery, and **DENIES** Defendants' motion to strike Plaintiff's state law claims.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Ruby Freeman brought an action against Defendants, ABC Legal Services Inc. ("ABC") and Granville Smith III ("Smith"), under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, and California Business and Professions Code § 17200.

Ms. Freeman asserts that Defendants engaged in the following conduct: (1) manufacturing and selling a fraudulent Proof of Service of Summons that falsely stated Plaintiff was validly served;

(2) encouragement, assistance and engagement in "sewer service"[1]; (3) ratification of fraud, perjury and breach of official duty; (4) failure to comply with California Business and Professions Code §§ 22350-22360; (5) failure to implement policies and procedures ensuring quality control of service of processes; (6) falsification of electronic signatures on service of processes; (7) aiding and abetting Defendant Smith to provide fraudulent service of processes; and (8) engagement in unfair competition in violation of California Business and Professions Code § 17200.

Plaintiff contends that she incurred a credit account which was consigned and assigned to CIR Law Office, LLP ("CIR") for collection. First Amended Complaint ("FAC"), Docket. No. 14 ¶¶ 46, 48. Thereafter, CIR filed a lawsuit against Plaintiff in the Superior Court of Alameda County in an attempt to collect the debt. *Id.* ¶ 49. Plaintiff alleges that ABC composed a false Proof of Service of Summons document on June 20, 2010, and filed it in the Superior Court of Alameda County in order to obtain a default judgment against Plaintiff. *Id.* ¶ 51. Although Plaintiff alleges that she was home on the alleged day of service, she asserts that she was not served personally or otherwise. *Id.* ¶¶ 52, 59. On October 29, 2010, CIR was granted a default judgment against Plaintiff. *Id.* ¶ 59. The same day, Plaintiff discovered that a judgment was entered against her. *Id.* ¶ 60. Consequently, Plaintiff filed a motion to set aside the judgment and CIR dismissed the state action on December 13, 2010. *Id.* ¶ 61.

Plaintiff alleges that Defendants are debt collectors for purposes of the FDCPA because Defendants regularly engage in the business of collecting consumer debts by assisting other debt collectors in obtaining default judgments. *Id.* ¶¶ 10, 11. Plaintiff adds that Defendants are not subject to the process server exemption under the FDCPA because Defendants manufactured and sold a false proof of service. *Id.* ¶ 4. Plaintiff explains that because Defendants allegedly failed to serve court process entrusted to them and provided a perjured Proof of Service of Summons, they are therefore removed from FDCPA's process server exemption. *Id.* ¶¶ 3, 4.

In response to Plaintiff's action, Defendants brought a motion to dismiss the FDCPA claim

---

[1] Sewer service is defined as "failing to serve a debtor and filing a fraudulent affidavit attesting to service so that when the debtor later fails to appear in court, a default judgment is entered against him." *Spiegel v. Judicial Atty. Servs.*, 2011 U.S. Dist. LEXIS 9350 (N.D. Ill. Feb. 1, 2011).

2

pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants also brought a motion to strike Plaintiff's state law claims pursuant to California's anti-SLAPP statute. Plaintiff opposed the motion on the basis of Rule 56(d), which permits a plaintiff to discover information necessary to oppose summary judgment.

## II. LEGAL STANDARD

A. Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Bell Atl. Corp v. Twombly*, 550 U.S. 544, 556 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant has acted unlawfully." *Iqbal,* 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). "The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *Geist v. Onewest Bank*, No. C 10-1879 SI, 2010 WL 3155841, at *2 (N.D. Cal. Aug. 9, 2010). Factual allegations should be sufficient to provide Defendants fair notice of the nature of plaintiff's claims and the grounds on which the claims rest. *Twombly*, 550 U.S. at 555.

B. Cal. Civ. P. Code § 425.16

California Civil Procedure Code § 425.16 permits a defendant to bring an anti-SLAPP motion in federal court against certain state law claims asserted by the plaintiff. This statute "was

1 enacted to allow early dismissal of meritless first amendment cases aimed at chilling expression
2 through costly, time-consuming litigation." *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 839 (9th
3 Cir. 2001). It mandates that courts consider first, "whether the defendant has made a threshold
4 showing that the challenged cause of action is one arising from protected activity", and second, "[i]f
5 the court finds such a showing has been made, it then determines whether the plaintiff has
6 demonstrated a probability of prevailing on the claim." *Equilon Enterprises v. Consumer Cause,*
7 *Inc.*, 29 Cal. 4th 53, 67 (2002).

8 This District has previously noted that "[t]he constitutional right to petition includes the
9 basic act of filing [suit] and is thus protected activity under Section 425.16." *Sonoma Foods, Inc. v.*
10 *Sonoma Cheese Factory, LLC*, 634 F. Supp. 2d 1009, 1016 (N.D. Cal. 2007) (quoting *Briggs v.*
11 *Eden Council for Hope and Opportunity*, 19 Cal. 4th 1106, 1115 (1999)). With respect to the
12 second requirement mandated by § 425.16, the Ninth Circuit has held that in order to establish the
13 probability of prevailing, "the plaintiff must show that the complaint is both legally sufficient and
14 supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the
15 evidence submitted by the plaintiff is credited." *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638,
16 648 (9th Cir. 2009).

17 Section 425.16(g) "provides that the filing of an anti-SLAPP motion automatically stays all
18 further discovery until the court rules on the motion." *Metabolife*, 264 F.3d at 846. In short, the
19 statute "create[s] a default rule that allows the defendant served with a complaint to immediately put
20 the plaintiff to his or her proof before the plaintiff can conduct discovery." *Id.* (quoting *Rogers v.*
21 *Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 980 (C.D. Cal. 1999)). However, when an anti-
22 SLAPP motion is filed in federal court, Rule 56 conflicts with the statute's provision limiting
23 discovery.

24 C.     Federal Rule of Civil Procedure 56(d)

25 Contrary to § 425.16(g), Rule 56(d)[2] permits a plaintiff time to "obtain affidavits or
26 declarations to take discovery." Thus, while § 425.16 "was designed to allow a party defending a

---

[2] Formerly Rule 56(f).

4

SLAPP action to resolve the matter as early as possible, before extensive discovery is permitted," Rule 56(d) "was designed to ensure that a nonmoving party will not be forced to defend a summary judgment motion without having an opportunity to marshal supporting evidence." *Rogers*, 57 F. Supp. 2d at 981.

In resolving the conflict between § 425.16 and FRCP 56(d), the Ninth Circuit has concluded that "[b]ecause the discovery-limiting aspects of § 425.16(f) and (g) collide with the discovery-allowing aspects of Rule 56, these aspects of subsections (f) and (g) cannot apply in federal court." *Metabolife*, 264 F.3d at 846. The Ninth Circuit found support in a Supreme Court decision which required that "summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (U.S. 1986). As a result, courts generally have held that Rule 56(d) "should be applied with a spirit of liberality." *Buchanan v. Stanships, Inc.*, 744 F.2d 1070, 1074 (5th Cir. 1984). Thus, in the context of an anti-SLAPP motion filed in federal court, Rule 56(d) applies.

In reviewing Rule 56(d) requests, courts "have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion." *California ex rel. California Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). However, in order to prevail on a 56(d) motion for discovery, the Ninth Circuit requires that the moving party show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

Courts are reluctant to deny Rule 56(d) requests. For example, cases in this jurisdiction suggest that unless plaintiffs failed to exercise due diligence in conducting discovery, filed an untimely Rule 56(d) request, or failed to explain how additional facts would oppose summary judgment, the request is generally granted with liberality. *See McCauley v. Stanford Univ. Med. Ctr.*, No. C 07-1784 JF (RS), 2009 U.S. LEXIS 18748, at * 39 (N.D. Cal. Mar. 11, 2009); *1-800-Bar None v. Brandow's Fairway Chrysler Jeep, Inc.*, No. C 06-5507 CW, 2007 U.S. Dist. LEXIS 3087 at *27-28 (N.D. Cal. Jan. 4, 2007). This is especially true when the request is filed at such an early

1 juncture of the case. *See Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003) (When "a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely."). Therefore, this Court must apply Rule 56(d) factors in order to review Plaintiff's request for discovery.

### III.  DISCUSSION

A.  FDCPA Claim

The purpose of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 is to eliminate abusive debt collection practices by debt collectors. §1692(e). In order to state a claim under the FDCPA, a plaintiff must show: 1) that he is a consumer; 2) that the debt arises out of a transaction entered into for personal purposes; 3) that the defendant is a debt collector; and 4) that the defendant violated one of the provisions of the FDCPA. *See Creighton v. Emporia Credit Service, Inc.*, 981 F. Supp. 411, 414 (E.D. Va. 1997). Plaintiff and Defendants agree that Plaintiff is a consumer and that the alleged debt arose out of a transaction entered into for personal purposes. They disagree as to the last two elements of the FDCPA claim.

1.  Definition of Debt Collector

In order to be liable for an FDCPA violation, a defendant must be a debt collector. §1692(e). The FDCPA defines the term "debt collector" as any person whose principal purpose of business is to collect debts or any person who regularly collects or attempts to collect, directly or indirectly, debts owed or due to another. §1692a(6). The term "debt collector" is not limited to formal debt collection agencies and can, for example, apply to a lawyer who regularly, through litigation, tries to enforce consumer debts. *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995).

The FDCPA also carves out some exceptions to the term "debt collector." §1962a(6)(A)-(F). It excludes "any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt." §1602a(6)(D). However, a person "who goes beyond being merely a messenger in serving legal process and engages in prohibited abusive or harassing activities to force an individual to repay a debt is no longer exempt under the legal process server exception." *Flamm v. Sarner & Associates, P.C.*, No. 02-4302, 2002 WL 31618443, at *5

(E.D. Pa. Nov. 6, 2002).

### a. Debt Collector

Any person who regularly collects or attempts to collect debt, directly or indirectly, is a "debt collector" within the FDCPA. §1962a(6). In *Romine v. Diversified Collection Servs.*, 155 F.3d 1142, 1146 (9th Cir. 1998), the Ninth Circuit recognized that "one need not gain possession of a debt, or personally benefit financially from the satisfaction of a debt, in order to assume liability as a 'debt collector' under the FDCPA." In *Romine*, defendant Western Union sent debtors notices that they had received personal telegrams, but when debtors called to retrieve their messages, they required the debtor to first provide their telephone number. *Id.* at 1144. After securing this information, Western Union would read aloud the debt collection message that had been provided by the creditor and would then forward the previously unlisted numbers to the debt collection agency. *Id.* Even though Western Union was a third-party not directly benefitting from the debt collection practice, the court held that its role in the process could qualify as an indirect debt collection activity under the FDCPA. *Id.* at 1149.

The legislative history of the FDCPA states that "the requirement that debt collection be done 'regularly' would exclude a person who collects debt for another in an isolated instance, but would include those who collect for others in the regular course of business." S. Rep. No. 95-382, 95th Cong. 1st Sess. 2 (1977), *reprinted* in 1977 U.S.C.C.A.N. 1695, 1697-98). Western Union's service, in *Romine*, was advertised as being specially developed for the credit and collections industry and the service was well publicized as such. This was enough to find that Western Union's service was in the regular course of business and not an isolated occurrence. *Id.* at 1146.

Plaintiff alleges that, like *Romine*, Defendants are also third parties in the business of indirectly collecting consumer debts by assisting other debt collectors in obtaining default judgments in their civil debt lawsuits. She alleges that ABC does this by employing and inducing registered process servers, such as Smith, to file false Proof of Service.[3] Debt collectors can then obtain

---

[3] The FAC alleges that process servers are induced to file False Proof of Service because ABC pays them substantially less or nothing at all for service that is not reported as complete. FAC ¶ 62.

1  default judgments when debtors fail to appear in court. Plaintiff alleges that Defendants have
2  composed and sold false and misleading Proof of Service of Summons documents more than forty
3  times in California in the year preceding the filing of her complaint, and therefore this is not an
4  isolated occurrence. FAC ¶ 67. Plaintiff also alleges that ABC advertises and markets process
5  service and other legal support services to attorneys, law firms, and debt collectors. FAC ¶ 21.

6       This Court finds that Plaintiff has sufficiently pled that Defendants' actions were those of a
7  "debt collector" as defined by the FDCPA. Plaintiff's statements that "sewer service" occurred forty
8  other times is sufficient to properly allege that Defendants "regularly" engage in debt collection
9  activity under the FDCPA. Furthermore, like *Romine*, ABC's purported advertising and marketing
10 of process service to debt collectors, *see* FAC ¶ 21, suggests they target at least some of their service
11 of legal process to assist debt collectors in their debt collection actions. ABC's "sewer service"
12 facilitates and aids debt collectors.

13      In the section defining who is a debt collector, the FDCPA states that "[t]he term does not
14 include. . . any person while serving or attempting to serve legal process on any other person in
15 connection with the judicial enforcement of any debt." § 1692a. Moreover, the fact that the FDCPA
16 specifically exempts process servers from being debt collectors indicates that without this special
17 exemption, suggests that the service of legal process in debt collection actions is generally
18 considered an indirect form of debt collection under the FDCPA. *See Spiegel v. Judicial Atty.*
19 *Servs.*, No. 09 C 7163, 2011 WL 382809, at *1 (N.D. Ill. Feb. 1, 2011) (finding that a process server
20 who engages in sewer service such that their process server exemption is lifted, is per se liable under
21 the FDCPA); *see also Sykes v. Mel Harris and Associates, LLC.*, 757 F. Supp. 2d 413 (S.D.N.Y.
22 2010) (treating a process server whose conduct lifted the exemption as a debt collector without
23 further analysis). It is the specific exemption in the statute that saves process servers from FDCPA
24 liability. It follows that a process service company like ABC or an individual process server like
25 Smith, who legally and properly serves process in connection with the enforcement of a debt on a
26 regular basis, would also be a debt collector but for the FDCPA's exemption. Accordingly,
27 regardless of whether the Defendants filed false affidavits, the service of process they provide on
28 behalf of other debt collectors alone is enough to be a regular attempt to collect debt. Thus, the

1 Court concludes that Plaintiff has pled sufficient factual content to draw the reasonable inference
2 that ABC and Smith are debt collectors as defined by the FDCPA.

3         b.        <u>Process Server Exemption</u>

4 As the court noted above, the FDCPA explicitly exempts from the term debt collector "any
5 person while serving process or attempting to serve legal process in connection with the judicial
6 enforcement of any debt." §1602a(6)(D). However, when someone who would otherwise qualify
7 for the exemption "goes beyond being merely a messenger in serving process and engages in
8 prohibited abusive or harassing activities to force an individual to repay a debt," the exemption no
9 longer applies and the process server is subject to FDCPA liability. *Flamm*, 2002 WL 31618443, at
10 *5. In *Flamm*, the court found that certain conduct could remove a process server from the
11 exemption's protections.

12 Defendants argue they fall under the process server exemption because Smith is a registered
13 process server, ABC was hired by CIR to serve Plaintiff with summons and complaint, and ABC
14 retained the services of Smith in order to do this. Plaintiff even refers to Defendants as "process
15 servers" in the FAC. FAC ¶ 64.

16 Plaintiff, however, insists that the process server exemption does not apply in this case for
17 two reasons: (1) The statute only protects process servers *while they serve process*, and since
18 Plaintiff alleges that Defendants did not actually engage in service, but instead filed perjured
19 affidavits of service, they do not qualify for the exemption, and (2) Defendants' egregious "sewer
20 service" practice renders them ineligible for the exemption. Plaintiff's position is supported by
21 several cases. In *Sykes*, the court held that the alleged failure of defendants to serve plaintiffs
22 process would remove them from the process server exemption and their conduct would therefore be
23 actionable under the FDCPA. 757 F. Supp. 2d at 423. Similarly, the court in *Spiegel* followed *Sykes*
24 and held that if process servers falsely claimed they had effected personal service and executed a
25 false proof of service document, then their actions would take them beyond their role as process
26 servers and render them ineligible for the exception. 2011 WL 382809 at *1. *Spiegel* suggests that
27 the execution of one false proof of service would be enough to forfeit the process server exemption.
28 *Id*. (discussing just one plaintiff's allegation of "sewer service" and finding that it would not be

subject to the exemption). In addition, in *Blackburn v. ABC Legal Services*, 3:11-CV-01298-JSW, No. 22, at 7 (N.D. Cal. June 16, 2011), a case nearly identical to the one at bar, Judge White found "a review of Plaintiff's complaint reveals that she alleges sufficient facts to state a claim under the FDCPA," and thus denied ABC's motion to dismiss. The plain text of the statute supports this interpretation.

The exemption only protects "any person *while serving or attempting to serve*" process. §1602a(6)(D) (emphasis added).

Plaintiff's position is further supported by the FDCPA's legislative history, which clarifies that it was passed in part to protect consumers from *unfair* and *deceptive* debt collection practice. S. Rep. No. 95-382, at 1. Specific examples of what constitutes collection abuse includes "simulating legal process." *Id.* "Utilizing bogus legal documents" is another of the enumerated practices that would violate the Act. *Id.* at 7. Additionally, the legislative history emphasizes that the reason for prohibiting *in general terms* any harassing, deceptive, and unfair debt collection practices is to "enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed." *Id.* at 4.

Accordingly, the Court finds that Plaintiff has sufficiently alleged that Defendants engaged in the practice of "sewer service" so as to forfeit the process server exemption. As alleged, ABC advertises its process service to debt collectors and then induces process servers, like Smith, to file false Proofs of Service, by paying them substantially less for service that is not complete. FAC ¶ 62. Plaintiff also alleges that Smith provides ABC with his facsimile signature, and ABC used this to produce the fraudulent Proof of Service of Summons like the one that CIR paid for. FAC ¶ 28. Plaintiff further alleges that ABC knew that fraud, perjury, and breach of official duty were being committed by Smith, and ABC approved and encouraged this conduct by continuing to employ Smith and give him process server assignments even after learning he had engaged in "sewer service." FAC ¶¶ 29, 37-39. Although just one instance of "sewer service" is arguably enough to forfeit the exemption, Plaintiff's allegation that his has occurred over forty times makes the contention that this was a fraudulent operation much more plausible. FAC ¶ 67.

At oral argument, Defendants contended that service of process is judicially supervised and

therefore it is inappropriate to bring this type of claim under the FDCPA. They point to *Argentieri v. Fisher Landscapes, Inc.*, 15 F. Supp. 2d 55, 62 (D. Mass. 1998), in which a debt collector's attorney incorrectly asked the court for attorney's fees in the original complaint. *Id.* at 58. In *Argentieri*, the court held there was no need to invoke the protections of the FDCPA for a potentially abusive claim in a pleading since the court has its own system of protection against abusive tactics that occur during litigation. *Id.* at 62. However, unlike this case, in *Argentieri* the remedy could be obtained based on the face of the pleadings before the court. Here, Plaintiff alleges that Defendants engaged in fraud not facially apparent within the four corners of the pleading. Judicial supervision is made problematic by the fact that proof of fraud requires extrinsic evidence. The Court thus finds *Argentieri* inapposite to the case at bar.

c. <u>Evidentiary Presumptions and Prima Facie Evidence</u>

Defendants argue further that Plaintiff cannot state a claim for relief because she cannot overcome the presumption that she was properly served. A signed return of service by a registered process server constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing evidence. *SEC v. Internet Solutions for Bus., Inc.*, 509 F.3d 1161, 1163 (9th Cir, 2007); Cal. Bus. & Prof. Code §§ 22350, 22356. The burden of producing strong and convincing evidence to rebut this presumption cannot be met by a mere conclusory denial of service. *Harry and David v. Pathak*, No. 09-3013-CL, 2009 WL 2579136, at *3 (D. Or. Aug. 19, 2009) (quoting *Resolution Trust Corp. v. Bowen*, No. CV-92-1671-PHX-PGR, 2008 WL 2001270, at *2 (D. Ariz. May 7, 2009) (citing *S.E.C.*, 509 F.3d at 1166).

Defendants argue that it is impossible for Plaintiff to meet this burden since Smith's Proof of Service of Summons (Original Complaint, Docket No. 1 Exhibit 1) constitutes prima facie evidence of valid service. Although Plaintiff has alleged that she was not served, FAC ¶ 52, a mere allegation that process was not served without an additional showing of evidence is insufficient to refute the validity of an affidavit of service. *Collagen Nutraceuticals, Inc. v. Neocell Corp.*, No. 09-CV-2188-DMS(WVG), 2010 WL 3719101, at *2 (S.D. Cal. Sept. 20, 2010) (plaintiff who provided a declaration that physical access to her property was not possible because of two locked gates and also provided a recent photo of herself to show she looked physically different from what was

1  indicated on the Proof of Service failed to demonstrate strong and convincing evidence to rebut
2  process server's declaration).

3  However, when deciding a motion to dismiss under 12(b)(6), only the Plaintiff's allegations
4  contained in her pleading is challenged, not her evidence. *See al-Kidd v. Ashcroft*, 580 F.3d 949,
5  977 (9th Cir. 2009). Thus, as long as the complaint provides fair notice of the nature of the claims
6  and grounds on which the claims rest, it need not include all of the facts necessary to carry the
7  Plaintiff's burden. *Id.* Plaintiff has alleged that she was not served, and the Court is bound to accept
8  that allegation as true. FAC ¶¶ 52, 76. Therefore, notwithstanding the evidentiary burden Plaintiff
9  will face in proving allegation, she has sufficiently alleged that she was not served with process.

### 2. Violation of an FDCPA Provision

In order to satisfy the final requirement for stating a valid FDCPA claim, Plaintiff must show that Defendants violated at least one of the FDCPA provisions. *Creighton*, 981 F. Supp. at 414. Plaintiff alleges that Defendants violated §1692d, §1692e, and §1692f of the FDCPA. Section 1692d prohibits "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section 1692f prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt."

In this case, the same factual allegations of "sewer service" discussed above form the basis for alleging an FDCPA violation. *See Sykes*, 757 F. Supp. 2d 413 (finding sewer service allegations stated a claim for violations of sections 1692d, 1692e, and 1692f of the FDCPA); *Blackburn*, 3:11-CV-01298-JSW, No. 22 (denying motion to dismiss under sections 1692d, 1692e, and 1692f of the FDCPA based on sewer service allegations); *Spiegel*, 2011 WL 382809 *1 (denying motion for summary judgment where sewer service was alleged to violate FDCPA § 1692 *et seq.*); *see also* S. Rep. No. 95-382 at 1, 4, 7 (defining debt collection abuse to include "simulating legal process," expressly prohibiting practices such as "simulating court process," and indicating that "utilizing bogus legal documents" is prohibited as a false or misleading representation to collect debt). Thus, the Court concludes Plaintiff has adequately alleged violations of the FDCPA.

### 3. Vicarious Liability

Defendant ABC argues that it cannot be held liable for Defendant Smith's conduct. Plaintiff alleges that, in addition to ABC's direct liability for "sewer service," ABC is also vicariously liable for Smith's act of filing false Proof of Service because Smith's conduct should be imputed to ABC.

Although the FDCPA does not expressly address vicarious liability, courts have held that vicarious liability may obtain where both parties are debt collectors. *See Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994) (debt collection company could be held liable for the conduct of their attorney where both were considered debt collectors under the FDCPA); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 108 (6th Cir. 1996) ("The FDCPA imposes liability only on a debt collector, not on nondebt collectors, such as consumer creditors or an assignee of a debt."); *Pollice v. National Tax Funding*, 225 F.3d 379, 404 (3d. Cir. 2000) (vicarious liability under the FDCPA will be imposed for an attorney's misconduct if the client is itself a debt collector as defined in the statute). The rationale behind vicarious liability in this context is that if an entity is a debt collector and hence subject to the FDCPA, it should bear the burden of monitoring the activities of those it enlists to collect debts on its behalf. *Pollice*, 225 F.3d at 405. Since Plaintiff has adequately alleged, for purposes of this 12(b)(6) motion, that ABC and Smith are both debt collectors, ABC may be held vicariously liable for Smith's acts if Plaintiff can prove that Smith was under the control of ABC.

ABC insists they are not liable for Smith's actions because he is an independent contractor. However, the chief test in determining whether one is an employee or independent contractor is the right of the principle to control the manner or means of performing work. *Lamar*, 2006 WL 2422903, at *9. In the instant case, Plaintiff sufficiently alleges that ABC effectively controls their process servers, including Smith, by choosing their assignments, requiring personal performance tasks, restricting the substitution or assignment of their performance or assigned tasks, requiring them to use a GPS tracking device, requiring detailed time reporting, and requiring the use of ABC's computer systems and software. FAC, Docket No. 14 ¶ 30. Plaintiff has alleged enough facts to create a reasonable inference that ABC does control the manner in which Smith performs work and is therefore vicariously liable.

13

1    Accordingly, the Court DENIES Defendants' motion to dismiss.

2    B.    Plaintiff's Request for a Continuance Pursuant to Rule 56(d)

As the Court noted above, Defendants also brought a motion to strike Plaintiff's state law claims pursuant to California's anti-SLAPP statute. However, because Rule 56(d) prevails over § 425.16 as discussed above, the Court must first address Plaintiff's request for discovery. Under Rule 56(d), if Plaintiff can identify the specific facts she seeks to obtain from discovery, show that they exist, and explain how they would be necessary to oppose summary judgment, further discovery is appropriate before adjudicating an anti-SLAPP motion to strike. *See Family Home & Fin. Ctr., Inc.*, 525 F.3d at 827.

In the instant case, Plaintiff sets forth the following facts she hopes to elicit from further discovery: (1) movements of Defendant on the alleged day of service; (2) documents and computer data showing all completed service of process and unsuccessful service attempts from January 1, 2010 to the present; (3) ABC's policies for training and hiring service agents; (4) policies on quality control of electronic signatures; (5) procedures in compliance with California Business and Professions Code; (6) pricing schedules for Mr. Smith and other process agents; and finally (7) Mr. Smith's general record of service of process. Opposition to Defendants' Motion to Strike ("Opp. to Strike"), Docket No. 24 at 4.

Defendants oppose the request for discovery by offering declarations and affidavits that state Plaintiff was served on June 19, 2010. The evidence includes: a declaration from Defendant Smith attesting to valid service; declarations from ABC's management averring that it is not in the interest of their business to engage in producing false service of processes; and exhibits that detail Smith's serves on June 19, 2010, including Plaintiff's. In essence, Defendants argue that Plaintiff has already received all the necessary and available evidence regarding Plaintiff's service on June 19, 2010, and that Plaintiff therefore cannot overcome the 'clear and convincing' standard required by the Ninth Circuit in proving that she was not served. Defendants' Reply in Support of Mot. to Strike, Docket No. 30 at 6 (citing *SEC v. Internet Solutions for Bus. Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007)).

However, such an argument is not sufficient to overcome Plaintiff's right to discovery at

14

1  such an early stage of the proceedings, given the evidence Plaintiff seeks to elicit in discovery and
2  the facts Plaintiff has already addressed suggesting there is a factual basis for her assertion of "sewer
3  service." During oral argument and in a supplemental declaration, Plaintiff pointed out that
4  Defendants' record on June 19, 2010, showed Defendant Smith simultaneously completed two
5  different serves, in two different locations. Tanabe Decl., Docket No. 31, at 14. Mr. Tanabe's
6  declaration also stated that after replicating Defendant Smith's route, he found it would have been
7  impossible to complete the alleged number of serves on June 10, 2010. Tanabe Decl. at 5. This
8  demonstrates that further information is needed regarding Plaintiff's allegedly false service that
9  could rebut Defendants' contention that she was served. *Cf. SEC v. Internet Solutions for Bus. Inc.*,
10 509 F.3d 1161, (9th Cir. 2007) (finding that plaintiff could not rebut the presumption that she was
11 properly served because defendant's signed proof of service constituted prima facie evidence of
12 service and plaintiff offered no evidence to the contrary). Furthermore, Defendants have not
13 produced the policies and procedures ABC implements to train and supervise their servers, or
14 procedures that show their business is in compliance with the California Business and Professions
15 Code. If discovered, such evidence could assist Plaintiff in opposing summary judgment by
16 demonstrating, *e.g.*, that ABC is vicariously liable for Smith's conduct, or that ABC was knowingly
17 engaging in sewer service.

18 Plaintiff thus justifies any failure to offer a "sufficient prima facie showing of facts,"
19 *Kearney*, 590 F.3d at 648, on the basis that no discovery has been conducted at this stage, initial
20 disclosures have not been exchanged, and a Rule 26(f) discovery planning conference has not
21 occurred. Opp. to Strike at 6. The Court agrees. In order to prevent premature summary judgment,
22 Plaintiff must be afforded an opportunity to discover further evidence before she is required to
23 oppose Defendants' anti-SLAPP motion.

24 This Court recognizes that "the mere hope that further evidence may develop prior to trial is
25 an insufficient basis for a continuance under Fed. R. Civ. P. 56[(d)]." *Neely v. St. Paul Fire &*
26 *Marine Ins. Co.*, 584 F.2d 341, 344 (9th Cir. 1986). However, in the instant case, Plaintiff has
27 identified relevant information that she seeks to discover in order to oppose summary judgment.
28 Previous cases in this Court suggest that where plaintiffs failed to exercise due diligence, filed an

untimely request, or failed to explain why discovery was not conducted, Rule 56(d) discovery requests may be denied. *See McCauley v. Stanford Univ. Med. Ctr.*, No. C 07-1784 JF (RS), 2009 U.S. LEXIS 18748, at * 39 (N.D. Cal. Mar. 11, 2009) (after waiting a year and a half to take depositions and failing to specify the significance of the information sought the court concluded "[plaintiff] hopes to go on a fishing expedition in search of some admissible evidence to support her claims."); *1-800-Bar None v. Brandow's Fairway Chrysler Jeep, Inc.*, No. C 06-5507 CW 2007, U.S. Dist. LEXIS 3087 at *27-28 (N.D. Cal. Jan. 4, 2007) ("Defendants cannot prove that they pursued discovery, diligently before the motion for summary judgment . . . . 'movant cannot complain if it fails to pursue discovery diligently before summary judgment.'"). In contrast, in the instant case, Plaintiff requests discovery at an early juncture of the proceedings before any opportunity to conduct discovery and there is no showing of lack of diligence. *See Anderson*, 477 U.S. at 250 ("summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.").

Accordingly, the Court concludes that Plaintiff has demonstrated a need for discovery before opposing summary judgment on her state law claims.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **DENIED**. Plaintiff has pled sufficient facts to state a claim to relief that is plausible under the FDCPA. The Court also **GRANTS** Plaintiff's motion for discovery and **DENIES** without prejudice Defendants' request to strike Plaintiff's state law claims.

This order disposes of Docket Nos. 19, 20, 21 and 22.

IT IS SO ORDERED.

Dated: November 9, 2011

EDWARD M. CHEN
United States District Judge